IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| HT Investment, INC., d/b/a BEST WESTERN POINT SOUTH, MIN "TONY" TONG, and SC MANAGEMENT, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 9:17-cv-02144-DCN |
| vs. | ) ) ) | **ORDER** |
| RJC, LLC, d/b/a RJC OF SOUTH CAROLINA, LLC, d/b/a DENNY'S 7600, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on plaintiffs HT Investment Inc., Min Tong, and SC Management LLC's (collectively, "plaintiffs") motion to remand. Pl.'s Mot. 1. For the reasons set forth below, the court denies plaintiffs' motion to remand.

## I. BACKGROUND

This case arises out of a property dispute. Plaintiffs collectively own and operate a Best Western Hotel franchise located in Jasper County, South Carolina. Defendants RJC LLC d/b/a RJC of South Carolina LLC d/b/a Denny's ("Denny's") owns and operates a Denny's restaurant that is on plaintiffs' property and is physically attached to the Best Western Hotel. Plaintiffs allege that Denny's has breached the terms of the lease agreement by: (1) failing to provide copies of sales reports; (2) failing to maintain the premises; (3) failing to pay for electrical and other utility services; (4) failing to pay for illuminated signage use; (5) failing to pay tax assessments; and (6) failing to provide the required thirty-five free "grand slam" meals per week. Plaintiffs originally filed this action on July 17, 2017 in Magistrate's Court in Jasper County, SC, seeking to evict

1

Denny's from the premises. On August 14, 2017, Denny's removed this case to federal court. On August 17, 2017, plaintiffs filed a motion to remand, and on September 20th filed a motion to expedite consideration and hearing on the motion to remand. Denny's responded on October 2, 2017. The motions have been fully briefed and are now ripe for the court's review.

## II. STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted).

## III. DISCUSSION

The procedure for removal is governed by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). Denny's removed this action pursuant to 28 U.S.C. § 1446. The defendants aver that the court has diversity subject-matter jurisdiction over this action because plaintiffs are completely diverse in citizenship from Denny's and because the amount in controversy exceeds $75,000.

The plaintiffs have filed an ejectment claim against Denny's. Because the two prongs of diversity jurisdiction—complete diversity of parties and the amount in controversy—are fulfilled, this action should remain in federal court. Additionally, there

2

is another action in federal court that is based on the same underlying facts with the same parties involved, where the claims include breach of contract, fraud, misrepresentation, and other causes related to the same dispute over the Denny's lease agreement, and so this should be heard by the same court.  See RJC, LLC, d/b/a RJC of South Carolina, LLC v. BVM Motel, LLC, HT Investment, Inc., d/b/a Best Western Point South, Serge Miner, Min "Tony" Tong and SC Management, LLC, No. 9-17-cv-00605-DCN.

There is clearly diversity jurisdiction here—the plaintiffs are residents of South Carolina, while defendant Denny's has its principal place of business in California. Although the complaint does not specify any damages, the amount-in-controversy requirement is likely also met.  Plaintiffs' application for eviction, which is attached to the notice of removal lists the following damages: (1) $74,657.13 in electricity use; (2) $7,075.50 for illuminated advertising signage use; (3) $5,907.65 in past due tax assessments; and (4) 1,680 free meals known as "grand slams."  ECF No. 1-1, Application for Ejectment.  Combined, this list of damages exceeds the $75,000 threshold amount-in-controversy requirement.  It is true that in the original state court complaint, the remedy that plaintiffs ask for is not damages but a writ of eviction to remove Denny's from the premises.  ECF No. 1-1, Application for Ejectment.  That being said, in the notice of removal Denny's states that if it is evicted the loss of business alone will exceed $75,000.  ECF No. 1 at 3.

Plaintiffs argue that the amount-in-controversy requirement is not met because they seek an equitable remedy—ejectment—as opposed to a legal remedy of damages. ECF No. 4 at 4.  However, where a plaintiff seeks declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of

3

the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). In the Fourth Circuit, the "value" of the litigation is properly judged from the viewpoint of "either party." See JTH Tax., Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010). The relevant inquiry is whether "the direct pecuniary value of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief exceeds $75,000." Lee v. Citimortgage, Inc., 739 F.Supp.2d 940, 946 (E.D. Va. 2010) (internal quotation marks and citation omitted). The direct pecuniary value of the right the plaintiffs seek to enforce is at least $75,000, because that is how much Denny's claims it will lose in terms of lost business if they are evicted. The amount in controversy is thus satisfied and the court has subject-matter jurisdiction.

The court finds that this suit should remain in federal court, as all the requirements of diversity jurisdiction are met. Furthermore, because there is already a separate federal suit involving the same parties related to the same dispute over the lease agreement it is in the interest of judicial economy to keep this ejectment claim in federal court.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** plaintiffs' motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 4, 2017
Charleston, South Carolina**